# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JERMAINE HAMPTON, | Case No. 2:20-cv-00578-APG-DJA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF NEVADA, ET AL., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Amend the Complaint (ECF No. 38), filed on September 21, 2020. Defendants filed a Response (ECF No. 39) on October 5, 2020. To date, no reply has been filed by Plaintiff.

The Court previously granted Plaintiff's Motion to Amend on September 10, 2020 such that the Second Amended Complaint currently serves as the operative complaint. (ECF No. 35). Plaintiff again requests to amend with the Third Amended Complaint to add allegations only against District Attorneys Stephanie Getler and Sarah Overly in response to a pending motion to dismiss (ECF No. 25) for the prior complaint that raises an immunity argument. Defendants oppose the amendment as they claim it is futile and they also file a new motion to dismiss (ECF No. 40) as to the Second Amended Complaint.

Rule 15(a)(2) of the Federal Rules of Civil Procedure, regarding the amendment of pleadings, directs that "[t]he court should freely give leave when justice so requires." The Ninth Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, or futility of amendment, etc.'" *Id*. at 1117 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, as with his prior request, Plaintiff filed the instant Motion prior to the expiration of the deadline to amend pleadings or add parties, September 25, 2020. (ECF No. 23). However, Plaintiff filed his Motion to Amend more than 21 days after Defendant filed the first Motion to Dismiss (ECF No. 25). "A party may amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) . . . 21 days after service of a motion under Rule 12(b) . . ." Fed.R.Civ.P. 15(a)(1). In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* at (a)(2).

Defendants argue that the Court should deny the request to amend because it is futile as they have qualified immunity and the new allegations do not affect that status. The Court notes that their argument is set forth in the new Motion to Dismiss (ECF No. 40), which the District Judge has yet to decide. At this point, and with a careful screening of the new allegations regarding the District Attorneys in the proposed Third Amended Complaint, the Court agrees with Defendants that the amendment is futile and should not be permitted. The Court complied with the liberal amendment policy by permitting Plaintiff's request for leave to proceed with the Second Amended Complaint. It does not find that same liberal amendment policy should be applied as to the proposed Third Amendment Complaint because the additional allegations do not change the viability of the alleged claims against the Defendants Overly and Getter. The Court is not persuaded that Plaintiff's Fourteenth Amendment claims against those two District Attorneys who acted in their official capacity will survive dismissal.

### RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion to Amend the Complaint (ECF No. 38) be **denied**.

### NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The

Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: October 15, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE