UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JERMAINE HAMPTON, | Case No.: 2:20-cv-00578-APG-DJA |
| Plaintiff | **Order** |
| v. | [ECF Nos. 25, 38, 40, 42] |
| STATE OF NEVADA, et al., | |
| Defendants | |

  Plaintiff Jermaine Hampton sues the State of Nevada, the City of Las Vegas, Las Vegas Metropolitan Police Department (LVMPD) officers T. Edwards and D. Lunt, and deputy district attorneys Sarah Overly and Stephanie Getter under 42 U.S.C. § 1983.  Hampton alleges that in June 2019, he got in a verbal argument with his wife, and his wife left the apartment.  About a half hour later, officer Lunt arrived and asked Hampton if the officers could come inside and do a visual check of the apartment.  The officers did a sweep of the apartment and then left.  About ten minutes later, Lunt returned and asked Hampton if he would step outside for further questioning.  According to Hampton, when he stepped outside, two other officers who were hiding grabbed his arms, handcuffed him, and placed him in a police car.  Hampton alleges he was handcuffed for three hours and he suffered a ruptured rotator cuff.

  Hampton alleges Edwards did not adequately investigate the situation and arrested him for possessing a firearm based on his wife's uncorroborated allegations.  He asserts this resulted in the judge in another case revoking his bail and sentencing him more harshly, even though Hampton was later found not guilty of the gun possession charge.  He also contends that Edwards altered a search warrant for a mouth swab to obtain his DNA by changing the name on

the warrant, which was Jermaine Gardner, to his name (Jermaine Hampton). Edwards also allegedly altered the time on the telephonic search warrant.

Hampton alleges Overly and Getter continued to pursue criminal charges against him, threatened him with an enhanced sentence as a habitual offender, and opposed his motions to dismiss, suppress, and for judgment as a matter of law, even though they knew he did not possess the gun. He also contends that after the DNA results did not establish his DNA was on the gun, Overly and Getter offered him a plea deal to a lesser charge, rather than dismiss the case. When he rejected that offer, they prosecuted him through trial, and a jury acquitted him.

Overly and Getter moved to dismiss, arguing they are entitled to absolute prosecutorial immunity for the actions they took in prosecuting Hampton. Hampton thereafter moved to amend, which Magistrate Judge Albregts granted. ECF Nos. 33, 35. Judge Albregts ordered Hampton to "file and serve the amended complaint in accordance with Local Rule 15-1(b)." ECF No. 35 at 3. Hampton did not do so.[1] Hampton opposed the motion to dismiss on the ground that Overly and Getter stepped outside their roles as prosecutors by coaching testimony, vouching for credibility of witnesses at trial, vindictively prosecuting him, and failing to timely turn over the altered search warrant. He contends Overly and Getter either altered the search warrant themselves or requested Edwards to do so, and thereby acted as part of the investigation rather than as prosecutors.

In their reply, Overly and Getter note that Hampton had moved to amend and stated that their motion to dismiss would become moot if the court granted that motion. This statement is curious, given that Judge Albregts had already granted Hampton's motion to amend.

---

[1] The amended complaint is located at ECF No. 33-1.

2

Thereafter, Hampton moved to amend again. ECF No. 38.  He sought to add factual allegations against Overly and Getter that were not in his prior complaint.  Specifically, the proposed amended complaint adds allegations that the prosecutors withheld the altered search warrant and either altered it themselves or directed Edwards to do so. ECF No. 38-1 at 18-20.

Edwards and Lunt moved to dismiss the claims against them and opposed the motion to amend. ECF Nos. 39, 40.  Overly and Getter did not oppose the motion to amend, even though the only new allegations were directed at them.

Magistrate Judge Albregts recommended that I deny amendment because it would be futile, given the prosecutors' argument that they are entitled to immunity. ECF No. 42.  Hampton thereafter filed yet another motion to amend, which Judge Albregts denied without prejudice pending my decision on his report and recommendation on the prior motion to amend. ECF Nos. 44, 47.  Hampton then objected to Judge Albregts' recommendation that I deny his earlier motion to amend. ECF No. 46.  Hampton argues that Judge Albregts erroneously identified Edwards and Lunt's motion to dismiss as one being filed by Overly and Getter.  Edwards and Lunt (but not Overly and Getter) respond that Judge Albregts correctly denied amendment because the proposed complaint includes futile claims.

Technically, Overly and Getter's motion to dismiss is moot because Judge Albregts subsequently granted Hampton's motion to amend, making ECF No. 33-1 the operative complaint.  But the parties appear to be confused about which complaint is operative.  And when Hampton moved to amend only to add new allegations against Overly and Getter, they did not oppose and did not argue that amendment would be futile as to them.  To clean up the docket and ensure everyone is working on the same pleading, and to allow pro se litigant Hampton the opportunity to fully state his claims against Overly and Getter, I grant Hampton's motion to

3

amend the complaint. Because the defendants' motions to dismiss were directed at the prior complaint(s), I deny them as moot, without prejudice to file motions to dismiss directed at the operative complaint.

I THEREFORE ORDER that Magistrate Judge Albregts' report and recommendation **(ECF No. 42) is modified** and plaintiff Jermaine Hampton's motion to amend **(ECF No. 38) is GRANTED**.

I FURTHER ORDER the clerk of court to detach and file separately ECF No. 38-1, which is now the operative amended complaint in this matter.

I FURTHER ORDER that defendants Stephanie Getter and Sarah Overly's motion to dismiss **(ECF No. 25) is DENIED as moot**, without prejudice to filing a motion to dismiss directed at the now-operative complaint.

I FURTHER ORDER that defendants T. Edwards and D. Lunt's motion to dismiss **(ECF No. 40) is DENIED as moot**, without prejudice to filing a motion to dismiss directed at the now-operative complaint.

DATED this 17th day of March, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE