UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JERMAINE HAMPTON, | Case No. 2:20-cv-00578-APG-DJA |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| STATE OF NEVADA, ET AL., | |
| Defendants. | |

    This matter is before the Court on Plaintiff's Motion to Amend the Amended Complaint (ECF No. 71) and Supplement (ECF No. 72), filed on April 8-9, 2021. Defendants filed Responses (ECF Nos. 73-75) on April 15, 22, and 23, 2021.

    The District Judge previously granted Plaintiff's Motion to Amend on March 17, 2021 (ECF No. 68) such that the Third Amended Complaint currently serves as the operative complaint. (ECF No. 38-1). Plaintiff again requests to amend with a Fourth Amended Complaint that does not contain any new allegations against District Attorneys Stephanie Getler and Sarah Overly. The LVMPD Defendants oppose the amendment as they claim it is untimely and futile. Plaintiff filed two motions, but ECF No. 72 appears to be an add-on to his ECF No. 71 filing as he forgot to include all of his allegations in one filing.

    Rule 15(a)(2) of the Federal Rules of Civil Procedure, regarding the amendment of pleadings, directs that "[t]he court should freely give leave when justice so requires." The Ninth Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, or futility of amendment, etc.'" *Id*. at 1117 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)). A party may amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) . . . 21 days after service of a motion under Rule 12(b) . . ." Fed.R.Civ.P. 15(a)(1). In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* at (a)(2).

Here, unlike his prior request, Plaintiff filed the instant Motion six months after the expiration of the deadline to amend pleadings or add parties, September 25, 2020. (ECF No. 23). The LVMPD Defendants highlight that Plaintiff received all body camera footage from the LVMPD Defendants back on September 1, 20202 – a month before the deadline expired. Moreover, the trial transcripts that Plaintiff cites as newly produced discovery are from Plaintiff's criminal trial back in 2019. As such, the Court is not persuaded that Plaintiff has sufficient grounds to explain his failure to move for leave to amend prior to the expiration of the deadline. Rather, it appears to stem from a lack of diligence that should not be excused when he is seeking to amend for the fourth time.

Further, Plaintiff filed his Motion to Amend and Supplement in response to Defendants' Motions to Dismiss (ECF Nos. 65 and 69) basically as a non-opposition. The DA Defendants argue that the Court should deny the request to amend because it is futile as they have qualified immunity and there are no new allegations that affect that status. The Court notes that their argument is set forth in the new Motion to Dismiss (ECF No. 65), which the District Judge has yet to decide. At this point, and with a careful screening of the new allegations regarding the LVMPD Defendants and with no new allegations regarding the DA Defendants in the proposed Fourth Amended Complaint, the Court agrees with Defendants that the amendment is futile and should not be permitted.

The Court complied with the liberal amendment policy by permitting Plaintiff's request for leave to proceed with the Third Amended Complaint. It does not find that same liberal amendment policy should be applied as to the proposed Fourth Amendment Complaint because the additional allegations do not change the viability of the alleged claims against the Defendants

and are not based on any newly discovered evidence that could not be found prior to the expiration of the September 25, 2020 deadline to amend the pleadings. The Court is not persuaded that Plaintiff's Fourteenth Amendment claims against the District Attorneys who acted in their official capacity will survive dismissal.

**RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion to Amend the Complaint (ECF No. 71) be **denied**.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion to Amend the Complaint (ECF No. 72) be **denied**.

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: April 27, 2021.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE