UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JERMAINE HAMPTON, | Case No. 2:20-cv-00578-APG-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF NEVADA, et al., | |
| Defendants. | |

This is a civil rights suit arising out of Defendants'—the State of Nevada, City of Las Vegas, Detective Todd Edwards, Officer David Lunt, District Attorney Sarah Overly, and District Attorney Stephanie Getter—alleged violations of the Plaintiff's Fourth Fifth, Eighth, and Fourteenth Amendment rights.  Plaintiff sues Defendants for damages and injunctive relief, claiming that they are responsible for an improper search, seizure, and arrest which led to Plaintiff's incarceration. Plaintiff moves to be present at the deposition of his ex-wife and to have his own deposition occur on the same day (ECF No. 82), arguing that it is impossible for him to attend via zoom and that having the depositions on the same day would be convenient.  Defendants Detective Todd Edwards and Officer David Lunt (the "LVMPD Defendants") move to extend discovery (ECF No. 85), arguing that they are awaiting leave to depose Plaintiff and have yet to receive certain discovery responses from him.  Because the LVMPD Defendants have vacated the deposition of Plaintiff's ex-wife, the Court denies Plaintiff's motion to be present as moot.  Because the Court finds that the LVMPD Defendants have demonstrated good cause to extend the discovery deadlines, it grants their motion in part and extends the deadlines 60 days from the date of this order.  The Court finds these matters properly resolved without a hearing.  LR 78-1.

**I.    Background.**

After the LVMPD Defendants noticed Plaintiff's ex-wife's deposition to take place at their counsel's office, Plaintiff moved to have the deposition take place at the prison and to have his own

deposition take place on the same day (ECF No. 82).  Plaintiff explained that attending his ex-wife's deposition via zoom would be "impossible," and that having his deposition on the same day would more "convenien[t] to object and cross-examine."  The LVMPD Defendants respond (ECF No. 83) that they had cancelled Plaintiff's ex-wife's deposition, "with one reason…being Plaintiff's outstanding Motion claiming that he cannot appear by video…" and that Plaintiff failed to send a meet-and-confer letter before filing his motion.  Questioning Plaintiff's assertion that attending via video would be "impossible," counsel for the LVMPD Defendants contacted the prison.  A prison official responded that "the inmate in question would only be unavailable if he is refusing to attend and participate in the conference.  We have the entire day of Friday the 21st available for a video conference."  The LVMPD Defendants also ask the court to deny Plaintiff's request for his own deposition to take place at the prison.  Plaintiff did not file a reply.

The LVMPD Defendants then filed a motion to extend discovery (ECF No. 85) for 60 days, explaining that they had received no responses to their letter asking Plaintiff to meet and confer about an extension.  The primary reason for the LVMPD Defendants' motion was their pending motion to take Plaintiff's deposition—a motion which is required under Federal Rule of Civil Procedure 30(a)(2)(B)—which this Court later granted.  Plaintiff objected (ECF No 86) and argued that the LVMPD Defendants have not been diligent in scheduling Plaintiff's deposition but were using it as a reason to extend.  The LVMPD Defendants replied (ECF No. 88), arguing that they have been unable to depose Plaintiff due to his multiple motions to amend his complaint—which they assert created a "moving target" for discovery—and the pending motion for leave to depose Plaintiff.

**II.     Discussion.**

       ***A.     The Court denies Plaintiff's motion to be present at his ex-wife's deposition and to have his deposition take place on the same day.***

Plaintiff's motion is both moot and unsupported.  Local Rule 26-6 requires parties to make good faith efforts to meet and confer before filing discovery motions.  LR 26-6.  While an inmate might not be able to meet personally with opposing counsel, inmates are still required to attempt to resolve any discovery dispute either by a telephone call or a written communication in which the

inmate sincerely attempts to resolve the dispute. *See Henrickson v. Nevada*, No. 2:20-cv-01014-APG-EJY, 2020 WL 8483834, at *3 (D. Nev. Dec. 28, 2020). While *pro se* plaintiffs are held to less stringent standards, they must still follow the same rules as other litigants. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel); *see Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that pro se parties are not excused from following the rules and orders of the court).

Here, the Court denies Plaintiff's motion to be at his ex-wife's deposition and to have that deposition on the same day as his own as moot because the LVMPD Defendants have vacated Plaintiff's ex-wife's deposition. Plaintiff has also failed to comply with the local rules requiring meet-and-confer efforts before filing discovery motions. In the event Plaintiff has future discovery disputes, the Court reminds him of the meet-and-confer requirement. To the extent Plaintiff moves to have his own deposition take place at the prison and not over zoom, Plaintiff has not adequately explained why attending via zoom is "impossible." This information is particularly lacking in light of the prison official's email that video conferencing is available. Plaintiff's motion (ECF No. 82) is thus denied.

### B.  *The Court grants the LVMPD Defendants' motion to extend discovery in part.*

The Court finds good cause to grant the LVMPD Defendants' motion to extend discovery and extends discovery for 60 days from the date of this Order. Under Local Rule IA 6-1, a motion to extend time must state the reasons for the extension. LR IA 6-1. Motions for extensions made within 21 days of the subject deadline must be supported by good cause. LR 26-3. Motions for extension must include a statement specifying the discovery completed, a description of discovery remaining, the reasons why the deadline was not satisfied, and a proposed schedule for completing remaining discovery. *Id.* The court has broad discretion to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Here, the Court finds good cause to grant the LVMPD Defendants' motion to extend discovery. The LVMPD Defendants have met each of the requirements for extending discovery. The LVMPD Defendants demonstrate good cause because, at the time they filed their motion to

extend, their motion for leave to depose Plaintiff was still pending and Plaintiff's initial disclosures were outstanding. The Court is unconvinced by Plaintiff's argument that the LVMPD Defendants have not been diligent in scheduling his deposition. To the contrary, the LVMPD Defendants have shown that Plaintiff's initial disclosures were outstanding, that Plaintiff has filed multiple motions to amend his complaint—creating a moving target for discovery—and that their motion for leave to depose Plaintiff was still pending. The LVMPD Defendants thus show good cause to extend discovery deadlines. The LVMPD Defendants have also met each of the other requirements for moving to extend discovery. They have specified the discovery already completed, the discovery remaining, and have provided a proposed discovery plan. The Court thus grants the LVMPD Defendants' motion (ECF No. 85) in part, with the exception of the proposed discovery plan because the discovery cut-off deadline has passed. The Court thus orders that the discovery deadlines will extend 60 days from the date of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to be present at depositions [ECF No. 82] is **denied**.

**IT IS FURTHER ORDERED** that the LVMPD Defendants' motion to extend discovery deadlines [ECF No. 85] is **granted** in part.

**IT IS FURTHER ORDERED** that the following deadlines shall control discovery:

| | |
|---|---|
| Discovery Cut-Off | Monday, September 27, 2021 |
| Dispositive Motions | Wednesday, October 27, 2021 |
| Proposed Joint Pretrial Order | Monday, November 29, 2021[1] |

DATED: July 29, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] Moved to the next Monday to accommodate the Thanksgiving holiday.