UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jermaine Hampton,<br><br>   Plaintiff,<br><br>v.<br><br>State of Nevada, et al.,<br><br>   Defendants. | Case No. 2:20-cv-00578-APG-DJA<br><br>**Order** |

  This is a prisoner civil rights action arising out of Defendants Detective T. Edwards and Defendant Officer Lunt (the "LVMPD Defendants") arrest of Plaintiff Jermaine Hampton on June 8, 2019.  Plaintiff sues the LVMPD Defendants, along with the State of Nevada, City of Las Vegas, District Attorney Sarah Overly, and District Attorney Stephanie Getter for damages and declaratory relief, claiming violations of his Fourth and Fourteenth Amendment rights.  Plaintiff moves to compel Defendants' responses to certain of his discovery requests.  (ECF No. 93).  Defendant moves to file exhibits to their motion for summary judgment under seal.  (ECF No. 100).

  Because the Court finds that Plaintiff's motion to compel is untimely, it denies his motion.  Because the Court finds that Plaintiff's interest in keeping his personally identifying information confidential outweighs the public's interest in viewing them, it grants Defendants' motion to seal.  The Court finds these matters properly resolved without a hearing.  LR 78-1.

**I. Background.**

  ***A. Plaintiff's motion to compel.***

  The LVMPD Defendants have extended the discovery deadline four times.  (ECF Nos. 35, 59, 68, 85, 91).  They have extended the deadline for dispositive motions and the pretrial order five times.  (*See id.*; ECF No. 94).  Plaintiff opposed the LVMPD Defendants second and fourth

motions to extend, arguing in part that the LVMPD Defendants have not been diligent. (ECF Nos. 56, 62). The Court ultimately granted the extension requests. (ECF Nos. 35, 59, 68, 85, 91, and 94). Under those extensions, the discovery deadline passed on September 27, 2021. (ECF No. 91). The dispositive motion deadline passed on December 10, 2021. (ECF No. 94).

Plaintiff served his third request for production on Defendants on September 9, 2020. (ECF No. 93 at 2). In it, Plaintiff asked that the LVMPD Defendants provide documents showing complaints about and disciplinary action taken against the LVMPD Defendants. (*Id.* at 5-8). The LVMPD Defendants objected to Plaintiff's requests as vague, overbroad, confidential, and irrelevant and asserted several privileges over them. (*Id.*).

Plaintiff served his fifth request for production on the LVMPD Defendants on February 10, 2021. (*Id.* at 2). In it, he requested complaints, discipline reports, and incident reports for the LVMPD Defendants. (*Id.* at 11-21). The LVMPD Defendants again objected to Plaintiff's requests as vague, overbroad, irrelevant, confidential, and protected under several privileges. (*Id.*).

Plaintiff served his sixth request for production on the LVMPD Defendants on March 26, 2021. (*Id.* at 2). In it, he requests video of the interior of Lunt's patrol car, complaints against the LVMPD Defendants, and documents showing the exact date and time when "Officer conducted a Schedule II Background Check." (*Id.* at 23-29). The LVMPD Defendants explained that there is no video showing the interior of Lunt's car. (*Id.*). They objected to the request for documents regarding a background check in part as unintelligible. (*Id.*). They objected to the remainder of the requests as vague, overbroad, irrelevant, confidential, and subject to certain privileges. (*Id.*).

Plaintiff served his seventh request for production on the LVMPD Defendants on May 4, 2021. (*Id.* at 2). He again requested documents regarding complaints and disciplinary action against the LVMPD Defendants and video footage from the inside of Lunt's patrol car. (*Id.* at 33-41). The LVMPD Defendants objected on the same grounds as before, adding that Plaintiff's requests were cumulative because of his multiple, similar requests. (*Id.*).

Plaintiff met and conferred with counsel for the LVMPD Defendants in June of 2021. (*Id.* at 2). Plaintiff asserts that the LMVPD Defendants' counsel explained that "we don't have access

to those documents and wouldn't be able to produce them." (*Id.*). Plaintiff filed his motion to compel about four months later, on October 19, 2021. (*Id.*).

In his motion, Plaintiff argues that, because the LVMPD Defendants have noticed subpoenas and conducted a deposition of Plaintiff, they have diligently pursued discovery in every way except responding to Plaintiff's requests for production. (*Id.* at 3). Plaintiff argues that he has only received objections as responses and thus, asks that the Court compel the LVMPD Defendants to respond. (*Id.* at 3-4). In response, the LVMPD Defendants argue that the Court should deny Plaintiff's motion because it is untimely, that the video files Plaintiff seeks do not exist, and because the LVMPD Defendants properly objected to Plaintiff's discovery.[1] (ECF No. 95 at 1-2). The LVMPD Defendants argue that Plaintiff's motion is untimely under the multi-factor analysis which courts in this district apply to motions to compel. (*Id.* at 4-8). The LVMPD Defendants explain that, rather than meet and confer to discuss the objections with which he did not agree, Plaintiff continued to submit requests for production asking for the same information again and again, only many months later moving to compel. (*Id.* at 6). This delay, the LVMPD Defendants argue, after a long failure to meet and confer, is unexplained in Plaintiff's motion. (*Id.* at 8). Plaintiff did not file a reply.

### B. *Defendants' motion to seal.*

Defendants filed their motion to seal exhibits to their motions for summary judgment on December 14, 2021. (ECF No. 100). Defendants explain that the exhibits contain Plaintiff's personal identifying information. (*Id.* at 2). Defendants assert that the exhibits currently attached to the motions for summary judgment contain minor redactions to shield Plaintiff's information. (*Id.*). They add that the video and audio files they have filed manually with the Court should also be sealed for the same reason. (*Id.*). Plaintiff, although served with the motion, did not file a response.

---

[1] Because the Court bases its analysis on timeliness, it does not outline the LVMPD Defendants' arguments regarding the video footage and their objections to Plaintiff's requests further.

## II. Discussion.

### A. The Court denies Plaintiff's motion to compel.

The Court has broad discretionary power to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "With respect to a motion to compel discovery, there is no specific deadline enunciated in the governing rules and a determination as to the timeliness of such a motion is left to the exercise of judicial discretion." *Herndon v. City of Henderson*, 507 F. Supp. 3d 1243, 1247 (D. Nev. 2020). That determination is based on whether the movant unduly delayed. *Id.* "A finding of untimeliness, standing alone, dooms a motion to compel regardless of its substantive merits." *Id.*

A motion to compel filed before the discovery cutoff is generally considered timely. *Id.* (citing *V5 Technologies v. Switch, Ltd.*, 332 F.R.D. 356, 364-65 (concluding that a motion to compel filed five months before the discovery cutoff was timely based on the circumstances of that case even though it was filed eleven months after the discovery dispute arose)). "A motion to compel filed after the dispositive motion deadline is presumptively untimely because continuing to entertain discovery matters at that juncture interferes with the advancement of the case to the merits phase." *Id.* (citing *Gray v. Cox*, No. 2:14-cv-01094-JAD-PAL, 2016 WL 4367236, at *3 (D. Nev. Aug. 12, 2016) (concluding that a *pro se* prisoner's motion to compel filed the day after the dispositive motion deadline was untimely when filed seven weeks after the discovery dispute reached an impasse)). Courts in this district have applied a non-exhaustive list of factors to determine the timeliness of a motion to compel: (1) the length of time since expiration of the discovery deadline; (2) the length of time the moving party has known about the discovery; (3) whether the discovery deadline has been extended; (4) the explanation for the tardiness or delay; (5) whether dispositive motions have been scheduled or filed; (6) the age of the case; (7) any prejudice to the party from whom discovery is sought; and (8) disruption of the Court's schedule. *Id.* at 1248. The timeliness of a motion to compel " is determined based on the entire complex of circumstances that gave rise to the motion…" *Id.* (internal citations and quotations omitted).

1. <u>The length of time since the discovery deadline expired.</u>

Discovery ended in this case on September 27, 2021. (ECF No. 91). Plaintiff waited nearly a month after discovery closed to file his motion to compel. (ECF No. 93). This factor weighs against timeliness.

2. <u>The length of time Plaintiff has known about the discovery.</u>

Plaintiff first learned of the LVMPD Defendants' objections to his requests for information regarding complaints and disciplinary action in October of 2020. (ECF No. 93 at 8). He learned of the LVMPD Defendants' objections to his requests for video evidence in March of 2021. (*Id.* at 30). Nonetheless, Plaintiff continued to reassert his requests—changing the wording slightly but requesting essentially the same things—for months until he met and conferred with counsel for the LVMPD Defendants in June of 2021. Plaintiff then waited another four months from the meet and confer to file his motion to compel. This factor weighs against timeliness.

3. <u>Whether the discovery deadline has been extended.</u>

The discovery deadline has been extended multiple times. While the LVMPD Defendants drove the extensions, on the occasions that Plaintiff objected to the motions, he cited the LVMPD Defendants' lack of diligence as a reason to deny them. However, now that Plaintiff seeks to compel discovery after discovery has closed, he has not filed a reply to address his own lack of diligence. This factor weighs against timeliness.

4. <u>Plaintiff's explanation for the delay.</u>

Although the LVMPD Defendants' primary reason for objecting to Plaintiff's motion to compel is its timeliness, Plaintiff did not file a reply to address these concerns. Nor did he include an explanation for the untimeliness in his original motion. With no explanation for the delay, this factor weighs against timeliness.

5. <u>Whether dispositive motions have been scheduled or filed.</u>

Dispositive motions have been filed. (ECF Nos. 96, 97). The deadline for filing these motions passed on December 10, 2021. (ECF No. 91). This factor weighs against timeliness.

6. <u>The age of the case.</u>

This case is relatively old, having been filed on March 23, 2020. (ECF No. 1). Nearly two years have passed since Plaintiff initiated the case. While the LVMPD Defendants sought the extensions contributing in part to this delay, the age of the case nonetheless weighs against timeliness.

7. <u>Prejudice to the LVMPD Defendants.</u>

Not only have the LVMPD Defendants already filed their motion for summary judgment, but they have also repeatedly informed Plaintiff that certain of the evidence he seeks does not exist. The LVMPD Defendants cannot produce video footage they do not have. And producing the records Plaintiff seeks related to complaints and disciplinary records for Edwards and Lunt would almost certainly impact their pending summary judgment motions and result in re-opening discovery. The LVMPD Defendants thus face a high level of prejudice, and this factor weighs against timeliness.

8. <u>Disruption of the Court's schedule.</u>

Allowing Plaintiff's motion to compel to proceed would also disrupt the Court's schedule. Discovery deadlines have all passed and the motions for summary judgment are currently pending. Because a motion for summary judgment is premised on the argument that there are no issues of material fact remaining, reopening discovery for Plaintiff to request information about complaints and disciplinary action against the LVMPD Defendants would disrupt the Court's decision on these motions. This factor weighs against timeliness. Because each of the factors the Court considers weighs against timeliness, the Court denies Plaintiff's motion to compel as untimely.

**B.     *The Court grants the LVMPD Defendants' motion to seal*.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). A party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as articulated in *Kamakana*. *See Kamakana*, 447 F.3d at

1183.  Under that standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179).  "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety*, 809 F.3d at 1097.  However, the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion.  LR 7-2(d).

    The Court grants the LVMPD Defendants' motion to seal because Plaintiff has not responded to the motion and the LVMPD Defendants seek to seal Plaintiff's personally identifying information.  Defendants have otherwise filed the documents with redactions on the docket.  Additionally, while the public has little interest in having Plaintiff's personally identifying information, Plaintiff has a strong interest in maintaining its confidentiality.  The Court thus grants the motion.

    **IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 93) is **denied.**

    **IT IS FURTHER ORDERED** that the LVMPD Defendants' motion to seal (ECF No. 100) is **granted.**

    DATED: January 11, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE