# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JERMAINE HAMPTON,

    Plaintiff

v.

STATE OF NEVADA, et al.,

    Defendants

Case No.: 2:20-cv-00578-APG-DJA

**Order (1) Granting Defendant Lunt's Motion for Summary Judgment, (2) Denying Plaintiff's Motion for Summary Judgment, and (3) Granting Defendant Lunt's Motion to Seal**

[ECF Nos. 120, 122, 126]

Plaintiff Jermaine Hampton sues Las Vegas Metropolitan Police Department (LVMPD) officers Todd Edwards and David Lunt and deputy district attorneys Sarah Overly and Stephanie Getter under 42 U.S.C. § 1983. His claims arise out of his arrest by Edwards and Lunt, and his subsequent prosecution for being a felon in possession of a weapon by Overly and Getter. I previously dismissed Hampton's claims against Overly and Getter with prejudice. ECF No. 108. I granted summary judgment in Edwards' favor on all claims against him, and I granted summary judgment in Lunt's favor on all but one claim. ECF No. 109 at 3-15. I noted that Lunt's summary judgment motion did not address Hampton's allegations that the length and manner of his detention in handcuffs was unreasonable under the Fourth Amendment. *Id.* at 8. I granted leave for Lunt and Hampton to move for summary judgment on this issue.

Lunt and Hampton move for summary judgment on the question of whether Lunt violated Hampton's Fourth Amendment rights by handcuffing him while a search warrant was obtained and executed. ECF Nos. 120, 122. Additionally, Lunt moves to seal certain exhibits because they contain personally identifiable information, such as Hampton's date of birth. ECF No. 126.

The parties are familiar with the facts, which I summarized in my prior order resolving the motions to dismiss and for summary judgment. *Id.* at 1-2. I therefore recite the facts only as necessary to resolve the pending motions. I grant Lunt's motion for summary judgment and deny Hampton's motion because no genuine dispute remains that Hampton's detention during the search was reasonable and because Hampton has not identified clearly established law that the detention leading up to the search was unreasonable. I grant Lunt's motion to seal because the unredacted exhibits contain personal identifiers and Lunt has filed redacted versions that are publicly available on the docket. *See* LR IC 6-1.

# I.  ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

To establish a claim under 42 U.S.C. § 1983, a plaintiff must show that the defendant acted under color of law and the defendant's "action resulted in a deprivation of a constitutional right or a federal statutory right." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000).  Lunt does not dispute that he acted under color of law.  Thus, the question is whether Hampton has presented sufficient evidence to raise a genuine dispute that Lunt violated his Fourth Amendment rights.

Additionally, Lunt asserts qualified immunity.  "Qualified immunity shields government officials from civil liability unless a plaintiff establishes that: (1) the official violated a constitutional right; and (2) that right was clearly established at the time of the challenged conduct, such that every reasonable official would have understood that what he is doing violates that right." *Morales v. Fry*, 873 F.3d 817, 821 (9th Cir. 2017) (simplified).  I may answer these two questions in any order. *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011).

Hampton bears the burden of showing the right at issue was clearly established. *Id.* "Clearly established means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." *D.C. v. Wesby*, 138 S. Ct. 577, 589-90 (2018) (simplified).  Hampton does not necessarily have to point to a case directly on point, but "existing precedent must have placed the statutory or constitutional question beyond debate, such that every reasonable official  . . . would have understood that he was violating a clearly established right." *Morales*, 873 F.3d at 823 (simplified).  And that precedent must be "settled," meaning that "it is dictated by controlling authority or a robust consensus of cases of persuasive authority." *Wesby*, 138 S. C.t at 589-90 (simplified).

Whether the right at issue was clearly established is a question of law for the court. *Morales*, 873 F.3d at 821.  The clearly established inquiry is made "in light of the specific context of the case." *Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020) (quotation omitted).  Thus, I "must not define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Wesby*, 138 S. Ct. at 590.  "A rule is too general if the unlawfulness of the officer's conduct does not follow immediately from the conclusion that the rule was firmly established." *Id.* (simplified).

Hampton's third amended complaint challenges the length of his detention in handcuffs as an unreasonable seizure under the Fourth Amendment.  Body camera footage shows Lunt placed Hampton in handcuffs at approximately 10:21 p.m. and then put Hampton in a police car. ECF Nos. 99, Video 417(30); 122-5 at 3-4.  About 30 minutes later, Edwards arrived at the apartment complex and drafted a search warrant application. ECF Nos. 122-9; 122-1, Video 417(28).  At approximately 11:30 p.m., Edwards applied for a telephonic search warrant for both the apartment and epithelial cells from Hampton. ECF Nos. 122-4; 122-10 at 2.  The judge approved the warrant at 11:39 p.m. ECF No. 122-4 at 4.  The search was conducted around 11:45 p.m. ECF No. 99, Video 417(18).  At about 12:11 a.m., Edwards read Hampton his *Miranda* rights and briefly questioned him. ECF No. 99, Video 417(11).  Edwards told Hampton he was under arrest about three minutes later. *Id.*  Lunt transported Hampton to the police station about five minutes after that. ECF No. 99, Video 417(8).  In sum, Hampton was handcuffed for approximately one hour and 20 minutes before a search warrant was obtained, and another 35 minutes while the search was conducted and Edwards briefly questioned Hampton before advising Hampton that he was under arrest.

"The Fourth Amendment proscribes only unreasonable searches and seizures." *Franklin v. Foxworth*, 31 F.3d 873, 875 (9th Cir. 1994) (quotation omitted).  Even when a seizure is based on probable cause, it can be unreasonable based "on how it is carried out." *Id.* (quotation omitted).  To determine if a seizure is unreasonable, I balance legitimate law enforcement interests against the intrusiveness of the seizure to the person detained. *Illinois v. McArthur*, 531 U.S. 326, 331 (2001).  This is a fact-specific inquiry that considers factors such as the severity of the crime at issue, whether the detained person poses a threat, whether the detained person is actively resisting or attempting to flee, and whether there is a risk of destruction of evidence. *See Michigan v. Summers*, 452 U.S. 692, 702 (1981); *Franklin*, 31 F.3d at 875-76.  I may also consider whether the police were confronted with a rapidly developing situation; whether the seized person's actions contributed to the length of detention; and whether the police threatened force, caused unnecessary delays, or otherwise acted coercively. *Liberal v. Estrada*, 632 F.3d 1064, 1080-81 (9th Cir. 2011).  Additionally, the "scope of a detention must be carefully tailored to its underlying justification." *Ganwich v. Knapp*, 319 F.3d 1115, 1122 (9th Cir. 2003) (quotation omitted).  "A detention conducted in connection with a search may be unreasonable if it is unnecessarily painful, degrading, or prolonged, or if it involves an undue invasion of privacy." *Franklin*, 31 F.3d at 876.  I evaluate the totality of the circumstances to determine whether a seizure is reasonable. *Franklin*, 31 F.3d at 875-76.

**A. Detention in Handcuffs During and After the Search**

Here, no genuine dispute remains that Lunt's detention of Hampton in handcuffs during and after the search was reasonable under clearly established law, and Hampton does not appear to challenge his detention after the search warrant was approved.  Generally, "the police may detain a building's occupants while officers execute a search warrant as long as the detention is

reasonable." *Perez Cruz v. Barr*, 926 F.3d 1128, 1141 (9th Cir. 2019) (quotation omitted).  In these circumstances, the police may detain the occupants for the duration of the search, so long as the search is not unreasonably prolonged. *Id.*  Additionally, the occupants may be detained in handcuffs if warranted by the totality of the circumstances. *Muehler v. Mena*, 544 U.S. 93, 98-100 (2005).

Even viewing the evidence in the light most favorable to Hampton, no reasonable jury could find that his detention was unreasonable between the time the search warrant was approved and he was formally advised of his arrest.  Once the judge approved the search warrant of Hampton's apartment, Lunt reasonably could detain Hampton as an occupant for the duration of the search.  Additionally, Lunt's use of handcuffs was reasonable to prevent Hampton from fleeing in the event incriminating evidence was found, to aid in officer safety given that the police were searching for a gun, and to facilitate an orderly search of the premises.  These legitimate law enforcement interests outweighed the intrusion on Hampton being detained in handcuffs in an air-conditioned vehicle for approximately 35 minutes. *See id.* (concluding that detaining an occupant in handcuffs for two to three hours during a search for dangerous weapons at a gang house was reasonable).  I therefore grant Lunt's motion and deny Hampton's motion on this issue.

**B.  Detention in Handcuffs Before the Search Warrant Was Approved**

Lunt is entitled to qualified immunity for Hampton's pre-warrant detention.  Hampton has not identified clearly established law that would have put Lunt on notice that he violated Hampton's rights by detaining him in handcuffs for an hour and 20 minutes before the search warrant was approved.  None of the cases Hampton identifies is sufficiently similar factually to put the question beyond debate because none involves the question of how long and under what

conditions an officer can detain a suspected felon in possession of a weapon on the scene after a 911 call while the officers investigate, prepare, and apply for a search warrant for the residence and for the suspect's epithelial cells.[1]  Even assuming a reasonable officer could draw the conclusion from all of these cases that the detention in handcuffs was unreasonable, Lunt could have been reasonably mistaken about the legality of the detention given that Hampton has not identified any case with comparable facts. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." (quotation omitted)).  Hampton's reliance on Nevada law as a source of clearly established law is unavailing. *See Virginia v. Moore*, 553 U.S. 164, 174 (2008) (noting that a violation of state law does not necessarily result in a Fourth Amendment violation).

Moreover, there is no evidence that the detention was unnecessarily painful, degrading, prolonged, or unduly invaded privacy.  No weapons were drawn, and Lunt handcuffed Hampton with minimal force.  *See* ECF No. 99, Video 417(30).  Hampton was detained in an air-

---

[1] *See United States v. Sharpe*, 470 U.S. 675, 687 (1985) (holding that a 20-minute roadside detention was reasonable where the officers pursued their investigation "in a diligent and reasonable manner"); *United States v. Place*, 462 U.S. 696, 709-10 (1983) (holding that a 90-minute detention of the plaintiff's luggage was unreasonable because the police did not diligently pursue their investigation where they knew ahead of time when the plaintiff was going to arrive and could have obtained a warrant ahead of time); *Liberal v. Estrada*, 632 F.3d 1064, 1068-70 (9th Cir. 2011) (holding 45-minute detention, including 25 to 30 minutes while handcuffed, was unreasonable where officers quickly dispelled suspicion and evidence supported a find of a punitive motivation behind the continued detention); *Lykken v. Brady*, 622 F.3d 925, 927-29, 931-33 (8th Cir. 2010) (holding that the police properly detained an 84-year-old woman incident to the search of the family farm under *Summers*); *United States v. Edwards*, 103 F.3d 90, 91-92, (10th Cir. 1996) (holding 45-minute detention in handcuffs by police with guns drawn was unreasonable where the plaintiff had exited the residence the officers were preparing to search and at which he did not live, the plaintiff was stopped away from the house, and the search of his person and car revealed no weapons or drugs, thus dispelling the suspicion that supported the stop).

1 conditioned patrol car, he was allowed to stretch his legs during this period, and his handcuffs

2 were adjusted when he complained to another officer. ECF Nos. 122-1, Videos 417(23), 417(25),

3 417(30), 417(31); 122-5; 122-6.

4      Finally, Hampton argues that qualified immunity does not protect Lunt when sued in his

5 official capacity or for injunctive relief.  However, I granted summary judgment in Lunt's favor

6 on the official capacity claim. ECF No. 109 at 13-14.  And Hampton lacks standing to request

7 injunctive relief because he has not argued or presented evidence to suggest that any violation is

8 likely to recur. *See Melendres v. Arpaio*, 695 F.3d 990, 997 (9th Cir. 2012).

9 **II.  CONCLUSION**

10      I THEREFORE ORDER that plaintiff Jermaine Hampton's motion for summary

11 judgment **(ECF No. 120) is DENIED**.

12      I FURTHER ORDER that defendant David Lunt's motion for summary judgment **(ECF**

13 **No. 122) is GRANTED**.

14      I FURTHER ORDER that defendant David Lunt's motion to seal **(ECF No. 126) is**

15 **GRANTED**.

16      I FURTHER ORDER the clerk of court to enter final judgment consistent with this order

17 and with my prior orders (ECF Nos. 108, 109) and to close this case.

18      DATED this 24th day of October, 2022.

19

20      _____

21      ANDREW P. GORDON
        UNITED STATES DISTRICT JUDGE

22

23